UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br>KATHLEEN M. DUGGAN,<br>　　　　　　　　Debtors. | Chapter 7<br>Case No. 15-11389 (BAH) |

**ORDER APPROVING CHAPTER 7 TRUSTEE'S (1) SALE OF REAL PROPERTY
LOCATED AT 53 LOWELL STREET, MALDEN, MASSACHUSETTS
TO COUNTER-OFFEROR FREE AND CLEAR OF ALL LIENS, CLAIMS,
ENCUMBRANCES AND INTERESTS, INCLUDING INTERESTS OF
CO-OWNERS; (2) ESTABLISHING CLOSING DATE FOR NOTICE TO THE
NON-DEBTOR CO-OWNERS UNDER 363(i); (3) PERMITTING THE TRUSTEE
TO CONSUMMATE THE SALE AT THE CLOSING DATE;
AND (4) DISPOSITION OF PROCEEDS FROM THE SALE**

This matter having come before this Court on October 19, 2017 (the "**Sale Hearing**") upon the *Chapter 7 Trustee's Motion For Order Approving Sale and Bidding Procedures In Connection With Proposed Sale of Real Property Located at 53 Lowell Street, Malden, Massachusetts; (B) Approving Fee and Expense Payment to Estate Including Charges for the Sale Process and any Eviction Proceedings, if Necessary, and Capital Gains Taxes, if any, (C) Scheduling a Hearing to Consider Approval of the Sale; (D) Authorizing and Approving the Sale to the Highest Qualified Bidder Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, Including Interests of all Co-Owners; and (E) Granting Other Related Relief* (the "**Sale Motion**");[1] filed by Edmond Ford, the Trustee in the above-captioned case (the "**Trustee**"), seeking entry of an order (the "**Order**") pursuant to 11 U.S.C. § 363(b), (f), and (h) and Fed. R. Bankr. P. 6004 (1) authorizing the Trustee to sell the real property located at 53 Lowell Street, Massachusetts (the "**Property**") as set forth in the Sale Motion and the Purchase and Sale Agreement attached to the Notice of Counteroffer (the "**Sale Agreement**") to Rosimar Lopes

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Sale Motion.

Mattinsdo Souza (the "**Buyer**") for a purchase price of $320,000.00 (the "**Sale**"); (2) adjudicating that the Sale is free and clear of all liens, claims, encumbrances, and interests, including interests of any Co-Owners, and with any such liens, claims, encumbrances and interests attaching to the Proceeds (the "**Sale Proceeds**"), no objections or any further counteroffers having been filed with the Court by the established deadline of October 16, 2017, and based upon the affidavit of David Millett the Trustee's broker (the "**Affidavit**") that the Offeror in the Sale Motion has withdrawn the Offer, and it appearing that due and sufficient notice of the Sale Motion has been provided, and nothing in the Sale Motion deters the Co-Owners James Duggan and William Duggan from purchasing the Property up until the Closing Date (defined below), pursuant to 11 U.S.C. s. 363(i), this court being satisfied that the relief requested in the Sale Motion is in the best interests of the bankruptcy estate (the "**Estate**"), and after due deliberation and good cause appearing therefore,

    IT IS HEREBY FOUND AND DETERMINED THAT:

    **Jurisdiction and Venue**. This Court has jurisdiction to consider the Sale Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    **Statutory Predicates**. The statutory predicates for the relief sought in the Sale Motion are §§ 105(a), 363(b), (f), and (h) and 541 of Title 11 of the United States Code (the "**Bankruptcy Code**"); Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure.

    **Notice**. As evidenced by the certificates of service filed with this Court: (i) proper, timely, adequate and sufficient notice of the Sale Motion, objection and counteroffer dates, and of the Sale Hearing has been provided in accordance with Bankruptcy Code §§ 102(1) and 363

and Fed. R. Bankr. Pro. 2002 and 6004 and such notice was and is good, sufficient and appropriate under the circumstances and served upon all creditors, Co-Owners and lienholders of record in the Real Property; and (ii) no other or further notice of the Sale Motion, the Sale Hearing or the entry of this Order is or shall be required.  Without limitation of the generality of the foregoing, notices were timely served upon the Debtor, the City of Malden, the Co-Owners of the Real Property, counsel to the Offeror, counsel to the Buyer, and to all other parties having been known to the Trustee as potential counteroffers, and to the parties listed on the service list and matrix in this case.

**Sale in Best Interests**.  Good and sufficient reasons for approval of the Sale Motion and Sale Agreement have been articulated in the Affidavit, and the relief requested in the Sale Motion as modified by the Sale Agreement is in the best interests of this Estate, its creditors and other parties in interest, and that any delays in consummating the Sale will have serious adverse financial consequences detrimental to the Real Property and the Estate.

**Arm's-Length Sale**.  As specified in the Affidavit, the Sale Agreement was negotiated with the Buyer were negotiated, proposed and entered into by the Trustee and the Buyer without collusion, in good faith, and from an arm's-length bargaining positions.  Neither the Trustee nor the Buyer has engaged in any conduct that would cause or permit the Sale to be avoided under Bankruptcy Code § 363(n).  Specifically, based on the Affidavit, the Buyer has not acted in a collusive manner with any person and the Sale price was not controlled by any agreement among bidders.

**Good Faith Purchaser**.  Based on the Affidavit the Buyer is a good faith purchaser of the Real Property within the meaning of Bankruptcy Code § 363(m) and is therefore entitled to all of the protections afforded thereby.  As further represented, the Buyer has proceeded in good

3

faith in all respects in connection with this Sale proceeding in that: (i) the Buyer recognized that the Trustee was free to deal with any other party interested in acquiring the Real Property; (ii) the Buyer agreed to subject the Sale Agreement to further competitive bidding procedures as set forth in respect to the Sale Motion, if applicable; (iii) all payments to be made by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Sale have been disclosed; and (iv) that there was no evidence of collusion or that the Buyer had any relationship with the Debtor, any Co-Owner, the Offeror or any other prospective bidder.

**Highest and Best Offer.** The Trustee conducted the Sale process of the Real Property in accordance with, and has otherwise complied in all respects with the Sale Motion. The Sale process and protocol established by the Trustee afforded a full, fair and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Real Property. The potential for counteroffers and a sealed-bid hearing was duly noticed and conducted in a non-collusive, fair and good faith manner and a reasonable opportunity was given to any interested party to make a higher and better offer for the Real Property. As further evidenced by the Affidavit, the counteroffer of the Buyer constitutes the highest and best offer for the Real Property and will provide a greater recovery for this Estate than would be provided by any other available alternative. The Trustee's determination is that the Sale Motion and Sale Agreement constitutes the highest and best offer for the Real Property and is a valid and sound exercise of the Trustee's business judgment.

**Consideration.** The consideration for the Sale of $320,000.00 constitutes reasonably equivalent value or fair consideration, as the case may be (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and § 548 of the

4

Bankruptcy Code), and fair consideration under the Bankruptcy Code and under the laws of the United States and any state.

**Section 363(b).** The Trustee has met all of the standards of § 363(b) of the Bankruptcy Code as applicable to the Sale Motion and may, as a result, sell the Real Property.

**Section 363(f) Free and Clear**. The Trustee is the sole and lawful owner of the Debtor's interest in the Real Property and such interest in the Real Property is property of the Estate within the meaning and intent of Bankruptcy Code § 541(a). The transfer by the Trustee of the Real Property to the Buyer under the Sale Motion and Sale Agreement and pursuant to the Judgment (defined below) will be a legal, valid, and effective transfer of the Real Property, and vests or will vest the Buyer with any and all right, title, and interest in and to the Real Property free and clear of all liens, claims (as defined in § 101(5) of the Bankruptcy Code), encumbrances, obligations, liabilities, homestead, contractual commitments or interests of any kind or nature including the interests of the Co-Owners.

**Section 363(h) and (i)**. Pursuant to the Memorandum of Decision and the Judgment of this court dated May 12, 2017 (the "**Judgment**") the following occurred by operation of law:

A.  Title to the Real Property that had been vested in the name of Channing Duggan and his wife Rosemary Duggan became, by operation of Massachusetts intestate law, property of their heirs, namely the Debtor and co-owners William J. Duggan and James Duggan (the "**Co-Owner**").

B.  The Debtor's interest in the Real Property became property of the Estate upon the Debtor's filing of the voluntary petition.

  C. The Trustee has authorization to sell the entirety of the Real Property free and clear of the Co-Owner interests and to execute a deed transferring the Property to the Buyer free and clear of the Co-Owners' interest.

  D. The rights of the Co-Owners are subject to the Judgment, the Sale Motion, this Order, and the provisions of 11 U.S.C. s. 363(i).

  **Contingencies**.  The Sale of the Real Property to the Offeror is subject to the Real Property being vacant of occupants and any personal property.

  **No Fraudulent Transfer**.  The Sale Motion and Sale Agreement were not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code and under the laws of the United States or any state.

  NOW, THEREFORE, IT IS HEREBY ORDERED THAT,

  1. The Private Sale is in the best interests of the Debtor is Estate and her creditors.

  2. The Sale Motion is granted and the terms of the Sale Motion and the Sale Agreement annexed to the Notice of the Counteroffer are hereby approved.

  3. The Trustee by virtue of the Judgment is authorized to sell the Property to the Buyer free and clear of the interests of the Co-Owners pursuant 11 U.S.C. section 363(h) and in accordance with the terms of the Sale Agreement.

  4. The Real Property shall be delivered to the Buyer in "as is", "where is", and "how is" condition except as expressly set forth in the Sale Agreement.

  5. The Sale of the Property by the Trustee shall be free and clear of all existing liens, claims and encumbrances pursuant to 11 U.S.C. section 363(f), and interests including interests of any Co-Owners pursuant to 11 U.S.C. section 363(h), which interests attaching to the net Sale Proceeds of the Sale of the Property pursuant to the Judgment and Sale Motion but subject to

later determination of this Court in the event of any dispute as to the allocation and disposition of the Sale Proceeds.

6. The Co-Owners rights to purchase the Property pursuant to 11 U.S.C. s. 363(i) must be exercised at or before the Closing Date by purchasing the Property upon the same terms, conditions and purchase price as specified in the Sale Agreement.

7. The Trustee has the authority to convey by deed the Real Property to the Buyer unless the Co-Owners (1) pay the Trustee the Purchase Price at the Closing Date pursuant to 11 USC s 363 (i), or (2) timely execute and provide to the Trustee (a) deeds to convey their respective interests to the Buyer; (b) affidavit(s) as administrator(s) of Rosemary Duggan's estate pursuant to MGL ch 65 C, section 14; and (c) documents evidencing the tax basis in the Real Property.  Otherwise, the Trustee shall convey by deed the Real Property to the Buyer and (1) deduct from the Co-Owner's Sale Proceeds all amounts attributed to the Sale pursuant to the Judgment, including but not limited closing costs and expenses, the municipal liens taxes (and reserve for the disputed portion and any other charges or offsets due from the Co-Owners portion of the Sale Proceeds until finally determined by this court); and (2) reserve all capital gains taxes and probate estate taxes as estimated by the Trustee in his sole discretion, with any dispute as to the reserve established for the Co-Owners' taxes subject to disposition by any court of competent jurisdiction.

8. The Trustee is further authorized to sell the Real Property pursuant to 11 U.S.C. section 363(f) fee and clear of all liens, claims and encumbrances, including the disputed portion of the tax claim and lien of the City of Malden (the "**Malden Lien**"); and the City of Malden is prohibited from assessing, surcharging or enforcing the Malden Lien or any portion thereof

against the Buyer, as the Malden Lien shall attach to the Sale Proceeds with any unresolved disputed amounts of the Malden Lien subject to further disposition of this Court.

9. The Trustee is hereby authorized pursuant to the Bankruptcy Code, Sale Motion and Judgment, without further order of the Court, to:

   a. Execute any and all deeds, conveyances, assignments, agreement, easements, instruments, amendments, schedules and other documents necessary to assume and consummate the sale of the Real Property;

   b. Pay (or reserve) all necessary administrative fees, costs and expenses arising from or in connection with the Sale, including but not limited to: (i) the fees, costs and expenses of the Sale, including closing costs and other usual and ordinary recording taxes and/or settlement charges and charges that are permissible to be paid pursuant to the Judgment, (ii) the Broker's commission, (iii) the undisputed amounts that the Trustee determines allowable for accrued and unpaid real estate taxes, including the Malden Lien and other taxes or liens attaching to the Sale Proceeds.

10. The remaining net Sale Proceeds attributed to the Co-Owners interests shall be held by the Trustee pending determination and verification by the Trustee of the capital gains and probate estate tax obligations so as to ensure payment of (a) all applicable taxes on any taxable gains from the Sale; and (b) estate probate taxes unless an MGL 65 C, section 14(a) affidavit of no tax obligation is timely delivered by the Co-Owner administrator of the probate estate of the Debtor and Co-Owner's late mother.

11. Each of the Co-Owners shall have until the scheduled Closing Date of November 15, 2017 (the "**Closing Date**"), to tender payment of $320,000.00 to the Trustee pursuant to 11

U.S.C. s. 363(i) to purchase the Real Property; however, to the extent any Co-Owner or occupant of the Real Property causes any delay to the Closing Date by, among other actions, refusing to vacate the Real Property pursuant to the Trustee's notice of termination of tenancy (the "**Termination**") then the Trustee is permitted to close with the Buyer in escrow and record the deed upon eviction of all occupants from the Real Property.

12. The Trustee reserves the right to file with the Court a motion to assess and deduct from any Co-Owner's respective share of the Sale Proceeds the monies owed for (1) unauthorized occupation of the Property after the Termination; (2) unauthorized leasing of the Property after Termination; and (3) fees and costs of any eviction necessitated by either the Co-Owners' failure to timely vacate at Termination.

13. The Trustee has satisfied all of his obligations under the Sale Agreement and is hereby authorized to enter into and take any and all actions to effectuate the Sale Agreement and transfer of the Real Property as contemplated herein and in the Sale Motion.

14. The Trustee shall convey the Real Property to the Buyer "as is," "where is," and "how is", and without any representations or warranties and specifically without any transferor liability.

15. This Order is and shall be binding upon and govern the acts of all entities, including all registries, filing agents, filing officers, title agents, administrative agencies, governmental departments, secretaries of state, and all other officials and their employees or agents who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title.  Each of the foregoing entities is hereby directed to accept for filing, without regard to any otherwise applicable rule or restriction, any

and all of the documents and instruments necessary and appropriate to consummate the transaction contemplated by the Sale Motion and this Order, including but not limited to the deed for the sale of the Property executed by the Trustee pursuant to the Judgment

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order, including jurisdiction to:

    a. Interpret, implement and enforce the terms and provisions of this Order and the Sale Agreement and any subsequent amendments to, modifications of, consents relating to, or waivers thereof or any related documents;

    b. Protect the Buyer and the Real Property, against any liens, security interests, encumbrances and claims for any pre-closing obligations;

    c. Resolve any disputes arising under or relating to the Sale Agreement, the Sale Motion and this Order; and

    d. Adjudicate all issues concerning any alleged pre-closing municipal liens and taxes attaching to the Sale Proceeds upon the sale of the Real Property.

17. The provisions of the Sale Agreement applicable to the Buyer approved by this Order, together with the provisions of this Order, are binding on, and inure to the benefit of, the successors and assigns of the Debtor, Trustee, the Debtor's Estate, the Co-Owners, lienholders, and creditors and are binding on and inure to the benefit of the successors and assigns of the successful Buyer.

18. The closing shall occur on the November 15, 2017 Closing Date unless extended solely as to the Buyer at the discretion of the Trustee in the event all Co-Owners and occupants have not vacated the Real Property.

19. Nothing contained herein shall be deemed to restrict the Trustee from distributing any Sale Proceeds as permitted in the Judgment or any portion of the Estate's share of the Sale Proceeds.

20. This Order shall be enforceable immediately upon entry, shall not be subject to any stay of enforcement, including any stay provide by Bankruptcy Rule 6004. The provisions of this Order shall be self-executing.

                                                 Honorable Bruce A. Harwood
                                                 United States Bankruptcy Judge

DATED: October _____, 2017

2206193.2